## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARVIN JACKSON** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **WORLD WRESTLING** | § | |
| **ENTERTAINMENT, INC.** | § | |
| | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant World Wrestling Entertainment, Inc. ("WWE") hereby removes the above-captioned civil action (the "Action") that was originally commenced in the 348th Judicial District Court of Tarrant County Texas as Cause No. 348-339527-23 to the United States District Court for the Northern District of Texas, Fort Worth Division.   WWE files this Notice of Removal without waiving any right, defense, affirmative defense, or motion, including, without limitation, lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted.  In support of this Notice of Removal, WWE states as follows:

## BACKGROUND ON THIS ACTION

1.     On January 12, 2023, Plaintiff Marvin Jackson ("Jackson" or the "Plaintiff") filed Plaintiff's Original Petition in the 348th Judicial District of Tarrant County, Cause No. 348-339527-23, pursuant to which Jackson sued WWE for negligence, gross negligence, and strict liability related to alleged personal injuries sustained while attending WWE's Wrestlemania 38 event at AT&T Stadium in Arlington, Texas on or about April 3, 2022.

2.      On January 27, 2023, Jackson served WWE with a copy of the citation and Original Petition. WWE is the only named defendant.

3.      In the Original Petition, Jackson Plaintiff seeks monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.

## GROUNDS FOR REMOVAL - DIVERSITY JURISDICTION

4.      Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

5.      Additionally, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states."

6.      Removal of this case is proper under 28 U.S.C. §§ 1332 and 1441(a). Specifically, removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## 1.      Citizenship of the Parties

7.      Plaintiff's Original Petition states that Jackson is an individual residing in Grimes County, Texas. WWE, therefore, alleges that at the time the Original Petition was filed and at the time of filing of this Notice, Jackson was and still is a citizen of the State of Texas.

8.      Defendant WWE is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Connecticut. See WWE's 2021 Form 10-K Cover Page attached as Exhibit A.

9.      Accordingly, there is complete diversity between Jackson and WWE. *See ADT, L.L.C. v. Richmond*, 18 F.4th 149, 155 (5th Cir. 2021) (complete diversity in suit brought by one plaintiff against one defendant when neither was citizen of the same state).

**2.      Amount in Controversy**

10.     28 U.S.C. § 1446(c)(2) provides that, subject to certain exceptions not applicable here, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

11.     In the Original Petition, Plaintiff demands judgment against WWE for "monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees."

12.     Accordingly, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

13.     Based on the foregoing, this Court properly has subject matter jurisdiction over this Action under 28 U.S.C. § 1332.

<u>**PROCEDURAL COMPLIANCE FOR REMOVAL**</u>

14.     All procedural requirements for removal are satisfied.

15.     Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this District and Division embrace the State Court in which the Action was filed.

16.     In accordance with 28 U.S.C. § 1446(a), all process, pleadings, or orders served on WWE in this Action are attached as Exhibit B.

17.     In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is being timely filed within thirty (30) days after service on WWE of a copy of the Summons and Petition that was filed in the State Court.

18.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel of record in the State Court by U.S. Mail to: Scott P. Armstrong, Kelly M. Viktorin, Ryan T. Wagner, ARMSTRONG, LEE & BAKER, LLP, 2800 North Loop West, Ste. 900, Houston, Texas 77092, and by email to: service@armstronglee.com.

19.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the District Clerk of Tarrant County, Texas.

WHEREFORE, removal of this Action to this Court is proper, and this case is hereby removed to this Court.

Dated:  February 17, 2023

Respectfully submitted,

**K&L GATES LLP**

*/s/ Jamie Lavergne Bryan*
Jamie Lavergne Bryan
State Bar No. 24026983
Jamie.Bryan@KLGates.com
Roderick Paul Hatch (*pro hac vice*
forthcoming)
State Bar No. 24092498
Rory.Hatch@KLGates.com
301 Commerce Street, Suite 3000
Fort Worth, Texas  76102
(817) 347-5270 (telephone)
(817) 347-5299 (facsimile)

**ATTORNEYS FOR DEFENDANT
WORLD WRESTLING
ENTERTAINMENT, INC.**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that this document filed February 17, 2023 through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  I further certify that a copy of this document was served on February 17, 2023 via e-mail to Scott P. Armstrong, Kelly M. Viktorin, Ryan T. Wagner, ARMSTRONG, LEE & BAKER, LLP, at service@armstronglee.com.

*/s/ Jamie Lavergne Bryan*
Jamie Lavergne Bryan