# EXHIBIT B-1
# To Notice of Removal

FILED
TARRANT COUNTY
1/12/2023 10:04 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-339527-23

| | | |
|---|---|---|
| MARVIN JACKSON | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| WORLD WRESTLING | § | |
| ENTERTAINMENT, INC. | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Marvin Jackson ("***Plaintiff***") files this Original Petition against Defendant World Wrestling Entertainment, Inc. ("***Defendant***").

## DISCOVERY LEVEL

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Discovery Control Plan Level 3.

## PARTIES

2. Plaintiff is an individual residing in Grimes County, Texas. Plaintiff may be served through the undersigned counsel.

3. Defendant World Wrestling Entertainment, Inc. is a Delaware Company doing business in the State of Texas. Defendant's principal place of business is located in Stamford, Connecticut. Defendant may be served through its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas, 75201, or wherever they may be found. Plaintiff requests issuance of citation to Defendant.

## MISNOMER/ALTER EGO

4. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION & VENUE

5. This Court has personal jurisdiction over Defendant World Wrestling Entertainment, Inc. because it does business within the State of Texas, including but not limited to advertising, selling, hosting, and delivering its products, events, and services into the stream of commerce with the expectation or knowledge that they would be purchased or attended by consumers within the State of Texas, as well as contracting with persons and entities within the State of Texas. Therefore, World Wrestling Entertainment, Inc. has purposefully availed itself of the privileges and benefits of conducting business in the State of Texas. World Wrestling Entertainment, Inc. has minimum contacts with the forum state such that exercising jurisdiction comports with traditional notions of fair play and substantial justice. Moreover, Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

6. Venue is proper in this Court because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this county.

## FACTS

7. On or about April 3, 2022, Plaintiff attended *WrestleMania 38* which was hosted by Defendant and located at AT&T Stadium, 1 AT&T Way, Arlington, Texas 76011.

8. Plaintiff was an invitee on the premises. Defendant was the occupier of the premises.

9. Plaintiff was seated next to the stage at the venue. When performance began, pyrotechnics went off. The blast from the pyrotechnics was so loud that it caused Plaintiff to lose almost all hearing in his left ear.

10. No facts suggest that anything Plaintiff did or failed to do in any way caused or contributed to the incident or resulting damages.

11. Defendant failed to notify anyone or place any warnings to warn of the existence of the dangers associated with pyrotechnics.

12. As a result of the incident, Plaintiff suffered serious injuries.

## CAUSES OF ACTION

**A.   Negligence**

13. Plaintiff incorporates all prior paragraphs of this petition here.

14. Defendant had a duty to conduct themselves as not to injure an invitee, or here, Plaintiff, through the Defendant's active negligence.

15. Defendant breached their duty to conduct themselves as to not injure an invitee through active negligence by, *inter alia*, the following:

> (1)   Failing to adequately warn of the dangers of pyrotechnics;
>
> (2)   Failing to test the effects of pyrotechnics on the premises;
>
> (3)   Failing to operate the pyrotechnics with reasonable care;

    (4)    Failing to hire, select, train, and supervise reasonably competent employees;

    (5)    Failing to implement and enforce reasonable policies and procedures for the safe use of pyrotechnics;

    (6)    Failing to use ordinary care in the administration of pyrotechnics;

    (7)    Failing to warn Plaintiff of the potential effects of use of pyrotechnics;

    (8)    Any and all other acts determined to be negligent or grossly by the trier of fact.

16. Defendant's negligence is both the cause-in-fact and a proximate cause of Plaintiff's damages.

## Count Two
### (Gross Negligence)

17. Plaintiff incorporates all prior paragraphs of this petition here.

18. Defendant was subjectively aware of the inherent risk in use of pyrotechnics. Defendant knew that the use of pyrotechnics presented an extreme risk to Plaintiff and other invitees on the premises. To any reasonable observer, the extreme risk was objectively clear.

19. Plaintiff was injured as a result of the objective, extreme risk that Defendant was subjectively aware of yet disregarded for cosmetic effect and pecuniary gain. Accordingly, Plaintiff brings a claim for gross negligence against Defendant and seeks exemplary damages in this matter.

## Count Three
### (Strict Liability)

20. Plaintiff incorporates all prior paragraphs of this petition here.

21. Defendant is strictly liable for Plaintiff's injuries arising from the pyrotechnic display because the use of pyrotechnics indoors constitutes an "abnormally dangerous activity" for the purposes of the common law rule that a party carrying on an abnormally dangerous activity is strictly liable for the damages caused thereby.

22. Due to the proximity of the pyrotechnics to the invitees, the indoor nature of the display, and the inherent danger of pyrotechnics, the degree of risk of harm to invitees was particularly high at *WrestleMania 38*. The likelihood of harm associated with those risks was commensurate with the risk. Though Defendant's lack of reasonable care caused Plaintiff's injury, Plaintiff asserts that no amount of reasonable care could eliminate risk that accompanies use of indoor pyrotechnics. The damage stemming from loud blasts from pyrotechnics was exacerbated by the closed atmosphere of an indoor facility like AT&T Stadium. The harm arose from the loud sound produced by the pyrotechnic blast.

23. While the use of pyrotechnic displays is commonplace on holidays at outdoor events, the use of deafening pyrotechnics in indoor facilities with echoing effects is an irregular practice and should not be considered a matter of common usage.

24. Moreover, the relative value of indoor pyrotechnic displays is marginal compared to the inherent risk it puts on crowded audiences in indoor facilities. The potential for harm by burns or deafening noise cannot be outweighed by the cosmetic effects of indoor pyrotechnics.

25. There are also procedural issues for applying a higher standard of proof in this scenario. The application of another standard of liability—like negligence—carries

severe problems of proof because most of Plaintiff's evidence disappears with the explosion.

26. Accordingly, Plaintiff asserts that Defendant should be held strictly liable for damages arising from the use of pyrotechnics in an indoor facility.

## REQUIRED INITIAL DISCLOSURES

27. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose, within thirty (30) days of filing an Answer, the information and materials described in Rule 194.2.

## TEXAS RULE OF EVIDENCE 609(f) REQUEST

28. Plaintiff requests that Defendant, pursuant to Texas Rule of Evidence 609(f), give Plaintiff sufficient advanced written notice of Defendant's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## TEXAS RULE OF CIVIL PROCEDURE 193.7 NOTICE

29. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff may enter into evidence at the trial or at any other proceeding during the pendency of this matter all documents produced to Plaintiff in response to discovery requests.

## DEMAND FOR JURY TRIAL

30. Plaintiff demands a trial by jury on all claims.

## PRAYER

Plaintiff prays that Defendant be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as

allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        **ARMSTRONG LEE & BAKER LLP**

        By: */s/ Scott P. Armstrong*
            Scott P. Armstrong
            State Bar No. 24092050
            Kelly M. Viktorin
            State Bar No. 24088676
            Ryan T. Wagner
            State Bar No. 24127319
        2800 North Loop West, Ste. 900
        Houston, Texas 77092
        Telephone:  (832) 709-1124
        Facsimile:   (832) 709-1125
        sarmstrong@armstronglee.com
        kviktorin@armstronglee.com
        service@armstronglee.com
        **Attorneys for Plaintiff**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cindy Ibarra on behalf of Scott Armstrong
Bar No. 24092050
cibarra@armstronglee.com
Envelope ID: 71728753
Status as of 1/12/2023 10:12 AM CST

Associated Case Party: Marvin Jackson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Scott Armstrong | | sarmstrong@armstronglee.com | 1/12/2023 10:04:15 AM | SENT |
| Kelly M.Viktorin | | kviktorin@armstronglee.com | 1/12/2023 10:04:15 AM | SENT |
| Ryan T.Wagner | | rwagner@armstronglee.com | 1/12/2023 10:04:15 AM | SENT |
| Armstrong Lee & Baker LLP Service | | service@armstronglee.com | 1/12/2023 10:04:15 AM | SENT |